A total of six cases, three of them are being submitted on the briefs only today, namely Appeals No. 06-1050 Hart v. New York Yankees Partnership, Appeal No. 06-5019 Modier v. United States, and No. 06-3086 Rehler-Casa v. Office of Personnel Management. On the argument calendar, we'll start with Appeal No. 05-3311, Ruggieri v. Merit System Protection Board. Mr. Rigby, good morning. Welcome. Please proceed. Good morning, Your Honor. May it please the Court, I'm John Rigby on behalf of the appellant, Jim Ruggieri. Now let me just ask you some procedural question here. Was there any oral argument before Judge Cook? No, there was not. Was there any briefing on the jurisdictional issue before Judge Cook beyond the initial papers, the IRA action document and so on? Yes, Your Honor. Judge Cook issued a show cause order, and the parties responded to it. Do we have those briefs in the appendix? I didn't see them there. They are certainly in the record for the case. I don't believe they're in the joint appendix, because neither party cited them. All right. Now it seems to me that the essence of your case is that your client was not selected, and the statute talks about selection. And you allege that the reason was that he was renowned as a whistleblower, and that that's all you need to establish to show jurisdiction. Well, Your Honor, we believe that the plain language of the statute, 5 U.S.C. 2302b8, which reads, it makes it unlawful to take, or fail to take, or threaten to take, or fail to take, a personnel action with respect to any employer or applicant. Right, right, right. Here, appointment is the specific action, and they failed to take it. They failed to appoint your client. Yes, Your Honor. Plain language of the statute does support us in this case, that we believe that the MSPB applied the wrong standard, and really got confused with the language of saying there wasn't a personnel action. Well, there doesn't have to be, really, Your Honor. It's failure to take a personnel action. Let me ask you this question, just so that I understand the breadth of your position. I understand that, at minimum, you suggest that if the withdrawal of the vacancy announcement, whatever the method of seeking applications for a position, if the withdrawal is in bad faith, then it clearly constitutes a denial of an appointment. But is your argument that any withdrawal of a vacancy announcement constitutes the denial of appointment of anyone who has applied under that vacancy announcement? No, Your Honor. There are very specific facts in this case. I understand in this case, but I'm trying to think more broadly about the implications of the position. And it's not clear to me, since the statute divides things up into personnel actions and then reasons that are unlawful for taking those personnel actions, it seems kind of odd to say that with one category of personnel actions, the category that we're talking about here, vacating an announcement, withdrawing an announcement, whatever, that there, you have to look at the reasons in order to decide whether it's a personnel action. Normally, you'd say if you're hired, you're fired, you're demoted or something, you don't look at the reasons until you look at the merits of the case. But it seems to me that your argument brings the merits of the whistleblowing allegation into the question of whether this is a non-selection. And that strikes me as a little odd. I think you, I understand Your Honor's concern. I think you get into it here almost from another angle. Because we have, it's a unique case because we have proof, actually, on the record that Mr. Ruggieri was not hired because of his whistleblowing. And instead, they selected no one from that vacancy announcement. In the normal case, there wouldn't be that proof. So the cases, I think, would drop out because there simply would not be any proof for someone to survive a show cause order because they wouldn't, under the MSPB, the normal MSPB test, which is what they call the Russon test, the cases would drop out because the appellants would be unable to make non-frivolous allegations that the disclosure was a contributing factor in the agency's action or inaction. If it's a normal case where the vacancy announcement is simply canceled, no one would be able to make that allegation. Right, but that would be because of the merits claim, the claim of the reason for the personnel action. It wouldn't be because one would conclude that this wasn't a personnel action, right? What the MSPB does, and again, this is an issue of first impression for this court, the MSPB applies a standard of, they're looking for a concrete action. And we, of course, cited, both sides cited MSPB cases. The one that we believe supports our position is the DePompo case, which was much like this, where an applicant was not hired for a position. No one was hired from that vacancy announcement. Instead, the agency selected someone or moved someone into it non-competitively. The MSPB held that there was jurisdiction in that case because it was sufficiently concrete to review. We think the court could well establish a similar standard so that the court, or the MSPB, does not have to deal with a lot of frivolous appeals. This raises a question that I'm puzzling about, which is when does this non-action occur? Non-actions are very hard to see. So the question is, how do we know when you're citing one of my favorite sections in the law, 2302B8, as the trigger? And I think that's correct. That seems to be the applicable trigger. Take or fail to take a personnel action. All right. At what point does the administrative officer fail to take this action? Is it, where in the process can we suddenly say, ah-ha, we see a non-action occurring? In this case, Mr. Ruggieri received a letter in the mail from someone at the agency saying, you have not been selected for the position. We chose not to select anyone from the vacancy. Are you assuming there always has to be the announcement of a position? Yes. This is a very unique, not unique, but clearly there was an announcement for a position and the candidates were interviewed for the position. Well, all right. The candidates, you're assuming there's an announcement for a position. There is a period during which one can apply. And only the people who apply, is there some qualification limit? Is there some screening that goes on before the applicants actually get into the range? Yes, Your Honor. There was a certificate of eligibles that presumably the Human Resources Office prepared for the position. Mr. Ruggieri was on it. Those people were then interviewed. None of the other people, according to the document that's in the record, the testimony that's in the record, none of the other people were considered sufficiently qualified for the position. Mr. Ruggieri was, but was not hired in our position because he was so well-known. He was considered sufficiently qualified by. I want to be sure that when we hold, if we hold, that a non-action is within the jurisdiction, this sort of non-action. I want to know exactly where and when that non-action occurs in the process. Because there's a concern that if you open that door too broadly, I want to know. We don't want everybody out there to be able to say, aha, I haven't been hired. So you're going to lead us through a series of steps. He goes through this. He applies. There is some sort of qualification examination. Who does that? The personnel office, the Human Resources Office, looks at Mr. Ruggieri's submission, along with the other people's submissions, see if they meet the qualifications sufficiently that they can be placed on the certificate of eligibles for the position. And there were a number of people on the certificate of eligibles who were then interviewed. These were people who were determined to be fully qualified. Yes, they were determined to be fully qualified by the Human Resources Office against the criteria in the vacancy announcement. OK, then that whole group gets interviewed. In this case, my understanding of the personnel law is it's possible to hire someone without interviews. But in this case, everyone was interviewed. How many were in the group? Do you know offhand? A handful, Your Honor. A handful. We were at a little bit of a disadvantage because the records were disposed of. And they're not part of the record in this case. The hiring records were disposed of under normal agency procedures. Mr. Ruggieri, did you say that after the interviews, the agency determined that only your client was adequately qualified and the other interviewees on closer look were not? The interviewing person told Mr. Ruggieri in a telephone conversation with Mr. Ruggieri recorded he had transcribed. Well, I've read the transcript. But I'm trying to figure out whether we can conclude from anything other than the transcript that he definitely would have been hired if they hadn't canceled the announcement. That's certainly the strongest evidence we have here. The other evidence that would have been in the record had it not been disposed of would have been. I mean, there was no discovery here? The interviewers were never deposed? We were not allowed discovery. The case was disposed of on jurisdictional grounds before we had the opportunity to discover. Yeah, but there can be discovery on the jurisdictional issues in a case, even if there isn't discovery directed toward the merits. But I take it no discovery occurred here? We served discovery. The judge issued his order before the other side responded to my discovery. We had served a motion to compel. But the administrative judge disposed of the case, dismissed the case, without ruling on our motion to compel. Did you seek to depose the people who did the interviews? We sought initially written discovery. We were going to take depositions, but we hadn't noticed them because of the timing. We were waiting for the written discovery to come back. Now, is it your view, just one more question, is it your view that if not the only qualified that your client was viewed by the officials involved as the best qualified? There was that testimony, the transcript, where Mr. Levine said that Mr. Ruggeri was the only person they considered sufficiently qualified for the job. But he had other problems, and he was not hired for that reason. I think that's a yes. It is a yes from my end. OK. Remind me of the time frame between the time these interviews occurred, particularly of Mr. Ruggeri, and the cancellation. What was that time frame like? It was canceled soon after the interviews, once they made the decision not to hire anyone from the certificate of eligibles. A day, a week? It was, I believe, a few weeks. A few weeks. Was any reason ever provided by the agency and whatever they submitted to Administrative Judge Cook as to why they canceled the announcement? They had, frankly, a number of inconsistencies. In their submissions to the Office of Special Counsel and to the MSPB, they had a number of inconsistent reasons why they didn't hire Mr. Ruggeri. It was because Mr. Ruggeri had been fired by the Coast Guard because Mr. Ruggeri had, they hinted that Mr. Ruggeri was not hired because of his past career action. We're not getting into the minutiae of what they thought of him or what they thought of the next person and the next person. What I'm trying to figure out is whether they had some generic excuse, like Congress cut our funding, we can't fill the position because we don't have the money. Or the statute that that person would have carried out has now been rescinded, and so that function is no longer to be done in this agency or anything of that sort. No, Your Honor, they did not have a generic excuse like that. Quite to the contrary, after deciding not to hire Mr. Ruggeri, they put out another vacancy announcement. We know about the other two that came afterwards. All right, go ahead. Just real quickly, and going back. We'll restore your rebuttal time, so don't worry. Going back to the question that Judge Plager asked, which also concerns me, is this question when you know that something hasn't happened? Because, of course, something hasn't happened. The dog hasn't barked. Well, that's right. If it never happens, it always hasn't happened. If you have a rolling application process, for example, in which you don't have a specific vacancy announcement and you don't have a particular time that the announcement closes, and this is done in many offices, I think, around the government, a much more informal process in which you just keep interviewing people until you find somebody you like, I guess there would never really be, under those circumstances, a time when there was a non-selection, until you ultimately hire somebody. That may well be the case, Your Honor, unless the agency actually, I'm not familiar with a particular agency, they may well send the person a letter saying, you were not selected. That certainly was the case here. Mr. Ruggieri received such a letter. So there's clearly a concrete action here. But he was not selected because the vacancy announcement was canceled, right? I mean, was he told that in the letter? It didn't use the term canceled. They said, we decided to choose no one from the vacancy. I see, all right. It implied that no one was qualified or they didn't work. It didn't have anything to do with lack of funding. They simply chose not to hire anyone. They never told him that the position was going to be advertised again. Was this letter sent before or after the cancellation? After the cancellation. Or excuse me, Your Honor, getting into a technical thing that I don't know the answer to because we don't have the documents. So I can't tell you. It's in the same time frame. The documents, unfortunately, were destroyed by the agency, which put it simply. How do you know that? They said that in their response. It said that we know we destroyed them, or said we looked and we can't find them, or exactly what did they say? They were destroyed under normal procedures two years after the hiring process ended, or the vacancy announcement was canceled. There was a two-year period. They said this in a submission to the MSPB to Judge Cook. How long were you before the Office of Special Counsel? It was quite a while, Your Honor. I would have to consult the record. I was not representing Mr. DeGioia. Something like two years, as I recall? It was about that period of time. Is there a procedure whereby if I file a whistleblower complaint that I can ask the Office of Special Counsel to instruct the agency not to destroy any records? Do you know? I believe there is, Your Honor. I think the agency's testimony is that the records had been destroyed before the OSC complaint was filed. There's no indication they were hiding from an FBI subpoena, was there? No, there is not, Your Honor. All right. We'll give you back the three minutes you sought to reserve on rebuttal, and we'll hear from Ms. Reardon. Good morning. Ms. Reardon, from the standpoint of establishing jurisdiction only, does the government agree that for that limited purpose, Mr. Ruggeri has to be deemed to be a whistleblower? There are several factors that must be considered before you can establish jurisdiction in a Whistleblower Protection Act case. I'm asking a very simple question. Doesn't the government agree that he made out a prima facie case that he was a whistleblower? No, sir. The government does not agree. That really was not gotten into because the case, the administrative judge found that there had not been a personnel action. Well, we know what the judge found, read the opinion. We've also read the transcript of the Levine telephone conversation. And at least I myself find it very troubling that neither the administrative judge nor your brief ever discusses at all the Levine telephone conversation transcript. That's the key evidence in the case, and it's never discussed by the adjudicator or the government's lawyer. We didn't believe we needed to, Your Honor, because once the administrative judge found that there had not been a personnel action. And if you look at the record in the case. Why isn't a non-selection personnel action under the Whistleblower Protection Act? Because the Whistleblower Protection Act gives a specific definition of what a personnel action is. Yeah, he says I wasn't appointed. I got a letter telling me I wasn't appointed. That's not being appointed kind of clear as a bell, isn't it? No appointment was made under the vacancy announcement. The Whistleblower Act doesn't deal with what happens to somebody else. The Whistleblower Act only protects the whistleblower. Let me ask you this. If I apply for a job, and I'm the only one who applies, and I'm concededly qualified, and the agency decides to cancel the announcement because they view me as a whistleblower, under your theory, I have no recourse under the Whistleblower Protection Act because Jeff Bryson didn't get the job. Somebody else didn't get the job. But the act doesn't talk about somebody else. It only talks about the whistleblower. If the whistleblower doesn't get the job, and he doesn't get it because he's a whistleblower, it seems like there's jurisdiction and, indeed, probably relief under the act. Why not? Well, I think you've reached the conclusion and left out some of the steps. Because I think that you have to make a determinate. First of all, there's no evidence in the record that the petitioner was the only person qualified. There's just nothing in the record to say that. The second vacancy announcement. Why does that matter? Let's assume there were six people. Let's assume there were six qualified people. So what? Well, if there were six qualified people, the agency could have chosen anyone, presumably, from among the six people. But they didn't. They didn't choose anybody. Did they have, was there a period of time during which the agency could have properly, by a stroke of the pen, chosen one of the people who had applied and was in the interview group, which included Mr. Ruggiero? I'm assuming, Your Honor, that the agency could have, but. There was a period of time, then, that by a stroke of the pen they could have acted. There may have been, but there's no law that. You say there may have been. You agree with me there was a period of time? I'm agreeing that there may have been a period of time. Let's agree there may have been. Is it not the case that the agency's failure to stroke the pen means there was a non-action? No, sir, Your Honor. Because there is no law that says an agency cannot cancel a vacancy announcement. That's certainly true. But there is a law that says they cannot fail to act if there is an opportunity to act. There is no law that requires an agency to act on a particular vacancy announcement. Take or fail to take a personnel action with respect to any employee or applicant for employment because of whistleblowing. And this is clearly a case in which they did not take an action, take a personnel action. A personnel action includes employment, right? Hiring. Yes. That's true. The agency had an opportunity to take a personnel action, but they failed to take it. Why doesn't he come within the statute? He doesn't come within the statute, number one, because a personnel action, the agency has to take an action. If there was no selection action. No, they don't have to take an action. They can fail to take an action. Look, this is as weird to me as it may be to you, but that's what the statute says. It's the dog hasn't barked problem. But if the agency selected no one under that vacancy announcement, then they didn't fail to select the petitioner. They selected no one under the vacancy announcement. I wonder about that proposition. That's where I have trouble with the analysis. And let me return, if I can, to the chief judge's hypothetical case because I'm interested in that hypothetical and what the board's position is with respect to that stark question. And the question is, if there is a vacancy announcement, only one person applies, that person is concededly qualified, but the agency, for whatever reason, either in this case, hypothetically, because that agency believes that person to be a whistleblower and does not want to hire that person, decides the only way to avoid hiring this person and not get ourselves into trouble is to cancel the vacancy announcement. And they do so. And the purpose of canceling it is clearly to avoid hiring this whistleblower. Is it the board's position that that is not a non-selection of that person within the meaning of the statute? You know, I'm at a disadvantage because that is not. Not this case. I completely agree. But I'm interested in that question because I'm interested in the breadth of the board's legal position with respect to what constitutes a non-selection. And if I read the administrative judge's analysis correctly, or if my supposition is correct, I understand the administrative judge to be saying there's a bright line between saying, I select Jones and not Smith, which is a non-selection of Smith, versus I don't select Smith because we're canceling the vacancy announcement, and that the second case, if I read the administrative judge correctly, would be not within the scope of the Whistleblower Protection Act. Is that your understanding of the board's position? That's my understanding, but I can't say that the board would rule that that would come within the jurisdiction. Because I think the board would need to look at the totality of the circumstances to see what all is involved in the facts in the particular case. Such as the reason that the agency had for this decision to cancel the vacancy? They may well have looked at that, but the agency. Well, I want to know what your position is with respect to the board's obligation in such a case to look at other factors. And in fact, would the board, would it be, in your view, appropriate and necessary for the board to look at the reason for canceling the vacancy in order to determine whether this was a non-selection and therefore within the statute? The board may well look at that, Your Honor. But in this particular case, there had not been a selection. There was a second and a third vacancy announcement for which Mr. Ruggiero did not apply. Well, why does that have anything to do with this case? He's not complaining about anything with regard to later announcements. He's saying he applied here. He was qualified here. He was well-qualified here. He was rejected. He says he was rejected only because he was a whistleblower. Why does it make any difference? I think it makes difference because if he and if the agency has a right to cancel a vacancy announcement, which we believe the law and regulations said that the agency can cancel or not. Even if the reason they cancel it is so that they can reject a whistleblower? But there is no evidence that that's the reason they cancel it. Sure there is. I wouldn't go down that line. I mean, it seems to me once you head down that avenue, you've got 40 miles of bad road in front of you. This record is, I mean, given the early state of this case and the early stage in which the dismissal was, I was pretty impressed with the degree, the amount of evidence that Mr. Ruggiero was able to bring to the table on that question. So if your submission is the reason that this case fails is because there's no evidence that the non-selection was based in any way on whistleblowing, then I think you're going to have a rough haul on that. And that wasn't my understanding of the basis for the board's ruling either. Well, the basis for the board's ruling is that there was no personnel action involved. Right, because it was a vacancy cancellation. And so that the vacancy cancellation, if you would look at the footnote in the initial decision, there is no evidence that Mr. Ruggiero even complained about the cancellation of the vacancy announcement before the special counsel. He complains about the non-selection. And we believe that as the law goes, if you take the position that an agency can cancel a vacancy announcement for any reason, and if you take the position that when the agency issued subsequent vacancy announcements and Mr. Ruggiero did not apply for those subsequent announcements, I believe that had he applied for one of those subsequent announcements. Well, now you're speculating about what might have happened had he might have done something. Let's not spend time on that one. Let's go back to, I'm not even sure the cancellation is relevant. My question is, why did he not get an action or a non-action during the time the agency could have acted? And I have trouble understanding why. You do agree, do you not, that there was a period of time when the agency could have acted? I agree that there was a period of time that the agency had his application before it and it had been determined to be eligible for appointment if they chose. Conceivably, that is correct. Conceivably, I mean, the record makes that clear, doesn't it? Yes. So it's not conceivable, it is. Yes. OK, it is. So there was a time when the agency could have acted, right? Yes. But the agency didn't. And my position is that. And what does the statute say? Well, the agency didn't have to, because I think you read that in connection with the agency's right to cancel a vacancy announcement for any reason. Where do you get that, for any reason? Where do you get in the law that an agency can cancel a vacancy announcement for any reason? Because any reason would include in order to avoid hiring a whistleblower. I misspoke the any reason. An agency has a right to cancel a vacancy announcement. And the agency did that. But until it does, doesn't it have a duty to act or not act? No, I don't think so. What does the statute say? Well, you mean the Whistleblower Protection Act? Yeah. Well, the statute says that the agency, that there must be a personnel action, that Mr. Ruggiero had to go to the special counsel. He had to make an allegation. No, no, no, no. Well, what does the statute say about what the agency has to do when there is a personnel action, take or fail to take a personnel action? That's what the statute says. I'm having a lot of trouble understanding why you don't address that statute. Well, it says take or fail to take a personnel action. That's what it says. The agency took a personnel action when it selected the second candidate under the second vacancy announcement. But we're not talking about the second one. We're talking about the first one. The second one is irrelevant, because he didn't apply for it. And what he might have gotten had he have done something that he didn't do is not before us. We can't take that into account. We're only dealing with the first announcement and the decision not to act under the first announcement. Isn't that? Am I mistaken? That is the issue in the case. Correct. However, Your Honor, Mr. Ruggiero has put forth, other than his allegations that the agency failed to select him because of his whistleblowing, Mr. Ruggiero has not said anything to suggest that the agency did not have the right to cancel the vacancy announcement. I agree with that. I don't think I can agree with you on that. He says they can't cancel the vacancy announcement, because the whistleblower act prohibits them from doing that if the reason is to avoid hiring him. Mr. Ruggiero has a transcript of a telephone conversation he had with a particular individual. I don't know, and the record to me does not suggest clearly what that individual's influence is in the hiring process. I don't even know if Mr. Ruggiero advised the individual that he was taping the conversation. I mean, I could stand back and say he baited the individual to say certain things to his advantage. We have a transcript. The agency with the responsibility to cancel, I don't know if that information that Mr. Levine had ever got to the people who were doing the selection. I don't know whether or not the cancellation, whether or not Mr. Levine had anything to do with the cancellation. The record does not show that, Your Honor. And so therefore, I don't think Mr. Ruggiero has made out his case that the cancellation of that vacancy announcement was because of his whistleblower. I'm not the basis, as I understand it, on which the administrative judge decided this case. The administrative judge, as I understand it, did not decide this case on the ground that Mr. Ruggiero's evidence failed to show causation. No, he did not. So the argument about causation, it seems to me, is an argument which one could have at the next stage if we should decide that the cancellation itself is enough to, or the non-selection, as Judge Flake correctly points out, is enough to allow Mr. Ruggiero to make his case as to the reason for that non-selection. But as I understand this case in its current posture before us, it is just before us on the question of whether there was a non-selection in this case. And your position and the board's position is no, without regard to what reasons there may have been for the cancellation of the vacancy announcement. As I understand the administrative judge's position, correct me if I'm not reading his opinion correctly, but I think the administrative judge's legal position would be that even if the head of the agency had said, we canceled this vacancy announcement just so we wouldn't have to hire that whistleblower, Mr. Ruggiero would still lose this case before the MSPB. That's my reading of the AJ's opinion, and is it yours? Well, he did say that there was no personnel action. And that's a door slamming finding, which doesn't pertain in any way, as I understand it, under the AJ's analysis, to the question of causation. Am I correct in that reading? Yes. But to reach your conclusion, Your Honor, you would have to show, in my opinion, that the cancellation of the vacancy announcement, that the agency did not have the right to cancel the vacancy announcement. And the fact that the agency issued a second, I think we really have to look at the fact that the agency issued two separate vacancy announcements for which Mr. Ruggiero could have applied. The agency did not prevent Mr. Ruggiero from applying for those two separate vacancy announcements. He chose not to apply for them. Let me ask you one further question. Let me ask you one further question. What are you saying? The agency has to commit two violations of the Whistleblower Act, or three before it counts, that the first one, somehow, they get for free? No, sir, Your Honor. Well, if it was non-hiring, because the person was a whistleblower, once is enough. That violates the statute and entitles him on proof of relief. He doesn't have to show the agency did it to him twice. I don't think I'm saying that, Your Honor. I think I'm saying that Mr. Ruggiero has not, despite all of the evidence and the transcript, I don't think because Mr. Ruggiero has not shown that the persons responsible for canceling the vacancy announcement, that those persons canceled the vacancy announcement in order to prevent Mr. Ruggiero from being hired. Everybody can make their own conclusion about what the Levine transcript proves or doesn't prove. But Judge Bryson is certainly correct that the administrative judge did not rely on any deficiency or inadmissibility of the Levine transcript. He never even mentions it anywhere in his entire opinion, even though it's the primary evidence on the issue of jurisdiction. Because he concluded there was no personnel action involved. Why? Because somebody else wasn't hired? No, because under that vacancy announcement, in order to have a non-selection, you have to have a selection under that vacancy announcement. So then you're saying, yes, it's because somebody else wasn't hired that there's no whistleblower act violation here. You know, when you add that to it, when you add that to it, I think the administrative judge made a determination that there was no personnel action involved here. Yes, why? Under the definition. Why? Because. It looks to me like it's because no one else got the job that Ruggiero wanted. Now, if that's not right, then show me what is right in the administrative judge's opinion. Well, the administrative judge's opinion didn't talk about the failure of a personnel action. And he looked at the definition of a personnel action. Has to be an appointment. And if there was no appointment, there can be no non-appointment. Well, that's a key. Wait a minute, wait a minute. We're finally, I think, getting to where the board is. Because that's what the board essentially said in the slight case. The board essentially said there is not a non-action under 2308 unless there is a concomitant action, i.e., a hiring. So that somebody is not non-selected until there is a selection. Isn't that the board's position? That's what Slate says. That's what Slate says. And that is the current board's position. And the only question before us, then, is whether that's consonant with the statute. Isn't that right? Yes. So you're really reading the statute as if the word non-selection, instead of non-selection, said selection of another. Yes. OK, that's helpful. Well, we believe that he has not shown that the board has jurisdiction over the statutes. He certainly hasn't shown a selection of another. Correct. That's very clear. Is there any legislative history you can point to that supports the idea that Congress only wanted to provide protection if a different person got the job in lieu of the whistleblower? I don't have that at hand, Your Honor, but if you want me to provide some more. Are you aware of the existence of any such legislative history? Not really, Your Honor. I am not. Does the board in the Slate or any of the other decisions that Judge Cook relied on cite any such legislative history? No, they do not. What justification do they cite for this rule that somebody else has to get the job denied the whistleblower? Well, they don't cite the legislative history. What do they cite? Well, they cite the case law, basically given the definition of a personnel action. And according to the administrative judge, the definition of a personnel action does not come within the parameters of what happened to Mr. Ruggiero. And be that as it, that's how he ruled, and that's how the person that did it. No, I'm talking about the board cases on which Judge Cook relied on. Not what Judge Cook said in his opinion, but the board cases on which he relied. Did any of those cases cite a basis for saying that what counts is the selection of another, rather than the non-selection of the whistleblower? No, but he did say there must be a personnel action consistent with the definition of a personnel action in the statute. And he did make a determination that what happened to Mr. Ruggiero. It sounds like what you're saying is the board made up a rule out of the air in the Slate case. No, sir, your honor. I'm saying that the administrative judge looked at the statute. I'm not talking about what Judge Cook did. I'm talking about the prior board decisions such as Slate. And I think you're agreeing that Slate gives no reason for saying that the appointment of another is a prerequisite of a whistleblower jurisdictional finding. Well, I think you have to read that in connection with the agency's right to cancel a vacancy announcement. But only for a lawful reason, not to squelch a whistleblower. That's the whole point of the Whistleblower Act is you can't not hire him because he's a whistleblower. Your honor, I believe. Therefore, you can't cancel any announcement for any reason. You can only cancel vacancy announcements for lawful reasons. Squelching a whistleblower is not a lawful reason. Well, I don't believe that there is evidence in the record that this vacancy announcement was canceled for a whistleblower reason. There is the transcript in which Mr. Ruggiero gave it. We can't affirm based on your belief when there was no finding by the judge. We can only affirm the judge for what he actually ruled, not for something that you think he might have ruled. I agree with that, your honor. But in the record, there is no evidence that because the agency didn't provide any as to the reasons for the cancellation of the vacancy announcement, we have out here on the side the transcript that says that. To me, there may or may not be a connection between the conversation in the transcript and the cancellation of the vacancy announcement. Because to me, I mean, the record does not show what influence, if you will, Mr. Levine has and his knowledge. He doesn't have to have any influence. As I read the transcript, what Levine said is the higher-ups told me that they rejected Ruggiero because he was a whistleblower. It wouldn't matter if Levine was the janitor. He's just a hearsay witness. He's not purporting to be the decision maker. It doesn't matter what powers he had or didn't have. He is the reporter of a conversation he had with somebody else. I don't know how credible that conversation is, your honor. Well, that's why you have a trial. Maybe Levine's making it up. Maybe he's lying. Maybe at a hearing, the AJ would say, I've witnessed his demeanor and I think he's a liar. I reject everything he says. Maybe the AJ would be well within his bounds to do that. But that's not what happened here. Levine was never put on the stand. There was no hearing. A hearing was denied. Because the administrative judge felt that he had sufficient evidence in the record to make a ruling. And that's why he did not have a hearing on the record. And the administrative judge is not required to hold a hearing on jurisdiction if that administrative judge feels that there's sufficient evidence in the record to make a ruling. And of course, I can't argue with your honors here if you believe that there was not sufficient evidence in the record. But I can say that when an administrative judge believes that there is sufficient evidence in the record to make a ruling, he is not required to hold an administrative hearing. But here, the agency, as I understand it, maybe I misunderstood Ruggieri's counsel, the agency's records were all destroyed. So as I understand it, the agency didn't give any explanation for why they canceled the announcement. That is correct. Well, if there's no evidence of why they canceled it, then how could Judge Cook have concluded that they had a legitimate reason for canceling it? Well, if there's no record, he couldn't conclude that there was an illegitimate reason either. Well, on the government's side, there's no evidence. And on Ruggieri's side, there's a transcript of a telephone conversation. Now, as between no evidence and some evidence, it seems like some evidence probably should win. I don't agree with that, Your Honor, because I don't know anything about the credibility of this telephone conversation. And I don't know. All I can say, Your Honor, is that the administrative judge made a determination based on the evidence in the record as to why, as to the jurisdictional issue, and that he was not required to hold a hearing. He didn't believe he was. And that's the lot of his point, that if he has enough evidence in the record that he is not required to hold a hearing, and once he made the determination that there was no personnel action, then that's one reason why the transcript may not have been gone into, at least into the detail that you believe, that I think you believe, that it should have been. Because he felt that he had sufficient evidence to rule without that. And I think you get to the point. Was the evidence anything more than no one else was hired to fill the vacancy? Well, the evidence basically was, one, that that vacancy announcement was canceled for which the agency had the right to do, and secondly, that a second vacancy announcement was issued for which Mr. Ruggiero could have applied for but did not. And I'm just saying what the issue is. Are you saying the judge didn't rely on the fact that no one else got the job? Well, he relied basically that there was no personnel action. But how did he get to that conclusion? It looked to me like he got to that conclusion by saying no one else was given the job. Well, he looked at the definition of personnel action according to the statute. And he didn't believe that what happened to Mr. Ruggiero came within the definition of a personnel action. Why not? Well, because he viewed, in my opinion, he viewed and he analyzed the definition of personnel action. He says in a footnote that he was taking the fact, he was taking as true that he made the protected disclosure. And once you look at whether or not we have jurisdiction, there's another prong to it as to whether or not he actually made a protected disclosure. That's part of the analysis you have to go through in order to determine whether the board has jurisdiction. And there is another issue involved in here as to whether whatever happened to Mr. Ruggiero, whether he, in fact, raised that issue before the special counsel. Well, he raised before the special counsel and Judge Thomas the rejection letter that he got. I don't see how he could have been clearer what he was complaining about. He wasn't complaining that the agency canceled a vacancy announcement. He was complaining that he was formally rejected for a job. And he says the sole reason was because he was a whistleblower. I think he has to meet the test, at least the facial test of showing that his particular case is within the jurisdiction and the administrative judge made a determination that it was not because he said it was not a personnel action within the meaning of the Whistleblower Protection Act. The administrative judge made that determination. He made it for what I believe the administrative judge feel that he had firm grounds for making that determination. And for me to sit here and second guess now that the agency may have done it for inappropriate reasons to me, I don't believe I can do that. Because I think, and I say, each of you have mentioned the transcript. I don't know about the credibility of the transcript to make that leap to say it was for inappropriate reasons. Because I think all that evidence, and it's not really much when you put it together as to whether, because actually, there's a lot of publicity. He asked for a hearing. He was denied a hearing. Now, if there had been a hearing and his witnesses had all been rejected as abject liars, the decision would be affirmable. But there was no hearing. So how can we make any determination about the credibility of Mr. Levine or of the petitioner? The only thing I can say, Your Honor, in conclusion is that the administrative judge reviewed the record and believed that he had sufficient evidence in the record to make a determination regarding jurisdiction. The only thing I can say is that if this honorable court believes that he should have had a hearing, then maybe the case is to be remanded for the administrative judge to look at that. The administrative judge, at the time, based on the record before him, believed that he had sufficient evidence in the record to make a determination, and he made it. And the board supported that. All right. Thank you. Mr. Rigby, if you need it, you have up to three minutes. Thank you, Your Honor. We think the case is very simple. The MSPB simply did not follow the statute. The statute is clear here. They didn't follow it. The Slate case does not even require the result that the MSPB reached. The Slate case was based on a very different situation. It was a vacancy announcement that was issued in error, and no one was ever interviewed for the position. It was canceled without any consideration. That's the Slate precedent. The MSPB DePombo precedent is a lot closer to this case. We believe that the court can establish a test that will not lead to frivolous appeals. This is a situation where there was a concrete action. Mr. Ruggieri applied for a job. He was on a certificate of eligibles. He was not hired for the position. There's evidence in the record that he was not hired because he was a whistleblower. If the agency wishes to dispute that evidence, they can do so at a hearing on the merits. I think you're underselling Slate. DePompano describes Slate as follows. In Slate, the appellant complained of his non-selection for two vacancy announcements. The board found that it had jurisdiction over the appellant's non-selection for the vacancy announcement that was actually filled by the agency, but that it did not have jurisdiction over the appellant's non-selection for the second vacancy announcement that was canceled because it was issued in error, and no selection was made under it. That's DePompano's understanding of their own Slate opinion. And it seems to me that the discussion we had earlier is exactly what your problem is, which is the board says there was no act of non-selection because there was no selection made. And this is a pure question of statutory interpretation. I think we've sort of boiled it down to that. Or do you agree that that is what we're up to? I believe it's statutory interpretation, Your Honor. And I think the statutory interpretation supports our position. The clear language of the statute supports our position. It doesn't allow for exceptions whether or not someone is hired from the particular vacancy announcement in question. This wasn't one where a vacancy announcement was canceled because they lost funding or anything like that. They almost immediately advertised the position again and hired someone from the new announcement. That is something, obviously, we can get into at the hearing as evidence of motive here. We believe the evidence. Do we need motive? At the hearing, we would. For jurisdiction purposes? No, certainly not for jurisdiction, Your Honor. We're saying if we get to a hearing on the merits. When you get to a hearing on the merits, that's tomorrow. That's when you're back up here two years from now. But let's stay with the jurisdiction issue. With regard to jurisdiction, motive is irrelevant, isn't it? To a large extent, yes, Your Honor. Not entirely, because you have to at least allege a motive to get under the whistleblower statute. And you have to show some degree of evidence of that motive. All right, thank you. Thank you. We thank both counsel. We'll take the case under advisement. Thank you very much, Your Honor.